IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICKY LEE VATTER,<br>　　　　Petitioner<br><br>　　v.<br><br>SUPERINTENDENT ROZUM, et al.,<br>　　　　Respondents. | C.A. No. 12-42 Erie<br><br>Magistrate Judge Baxter |

## OPINION AND ORDER[1]

United States Magistrate Judge Susan Paradise Baxter

### I.    INTRODUCTION

On February 6, 2012, the Clerk of Courts received from Petitioner a motion for leave to proceed *in forma pauperis,* along with an attached petition for writ of *habeas corpus*. [ECF No. 1].  By Order of this Court dated March 14, 2012, Petitioner's motion for leave to proceed *in forma pauperis* was denied and Petitioner was directed to pay the filing fee of $ 5.00 by April 4, 2012, or suffer dismissal of this case for failure to prosecute.  To date, the filing fee remains unpaid.

### II.    DISCUSSION

The United States Court of Appeals for the Third Circuit has set out a six-factor balancing test to guide a court in determining whether dismissal of a case is appropriate.  Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863 (3d Cir. 1984).  The court must consider: 1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; 3) a history of dilatoriness; 4) whether the conduct of the party or attorney was willful or in bad faith; 5) the effectiveness of

---

[1] Petitioner has consented to the jurisdiction of the United States Magistrate Judge. [ECF No. 3].

sanctions other than dismissal, which entails an analysis of alternative sanctions; and 6) the meritoriousness of the claim or defense.  Id. at 868.  Not all of the six factors need to weigh in favor of dismissal before dismissal is warranted.  Hicks v. Feeney, 850 F.2d 152 (3d Cir. 1988).

      Applying the Poulis factors to the present matter, this Court finds that dismissal of this matter is warranted.  Since the filing of this matter, Petitioner has taken none of the necessary first steps to prosecute this case.  Further, Petitioner has failed to comply with an order of this Court.  Petitioner is proceeding *pro se* and therefore bears all of the responsibility for any failure in the prosecution of his claims.  Alternative sanctions, such as monetary penalties, are inappropriate with indigent parties.  Although Petitioner's allegations may state a claim upon which relief could be ultimately be granted, the merits of the claim are impossible to determine at this early stage of the proceedings.

      An appropriate Order follows.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICKY LEE VATTER,  )<br>    Petitioner  )<br>  )<br>v.  )<br>  )<br>SUPERINTENDENT ROZUM, et al.,  )<br>    Respondents.  ) | C.A. No. 12-42 Erie<br><br>Magistrate Judge Baxter |

### ORDER

AND NOW, this 24th day of April, 2012,

IT IS HEREBY ORDERED that this *habeas corpus* action is dismissed due to Petitioner's failure to prosecute.

The Clerk is directed to mark this case closed.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge